# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **LISA GROCHOWSKI**, | Case No. |
| Plaintiff, | **COMPLAINT AND JURY DEMAND** |
| vs. | |
| **MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC, AND ENCORE CAPITAL GROUP, INC.,** | |
| Defendants. | |

## NATURE OF ACTION

1. This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4. Plaintiff, Lisa Grochowski ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of King, and City of Seattle.

COMPLAINT - 1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Midland Credit Management ("MCM") is a manager and servicer of defaulted consumer debt portfolios for debt buyers, including Midland Funding, and performs collection services on their behalf.

7. Defendant Midland Funding, LLC ("Midland Funding") is a Delaware corporation, with its principal place of business in San Diego, California.

8. Midland Funding is a wholly owned subsidiary, and is under of the common control and ownership, of Encore.

9. Midland Funding is engaged in the business of taking title to and collecting delinquent debts originally owed to third parties.

10. Midland Funding, at all relevant times, was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. Defendant, Encore Capital Group, Inc. ("Encore"), is a publicly traded Delaware corporation with principal executive offices situated at 8875 Aero Drive, Suite 200, San Diego, California.

12. Encore is engaged in the business of purchasing and collecting delinquent debts originally owed to third parties.

13. Encore, at all relevant times, was engaged, directly or indirectly, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14. MCM, Midland Funding, and Encore (collectively, "Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

15. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed

COMPLAINT - 2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

or due, or asserted to be owed or due a creditor.

16. MCM, Midland Funding, and Encore act jointly and in concert to collect consumer debts.

17. MCM, Midland Funding, and Encore acted jointly and in concert to collect an alleged consumer debt from Plaintiff.

18. Defendants acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

19. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely a personal credit card.

20. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts once owed or due, or asserted to be once owed or once due another.

21. Prior to January 2012, in connection with the collection of an alleged debt in default, Equable Ascent Financial, LLC ("Equable"), began trying to collect account ending in 6978 ("Account 6978") from Plaintiff.

22. Plaintiff, via her counsel, sent written correspondence dated January 4, 2012 to Equable, regarding Account 6978, and in such correspondence, stated in relevant part:

> Please be advised that this office represents the above-named individual regarding the aforementioned account.
>
> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact

COMPLAINT - 3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them.

*See* January 4, 2012 correspondence, attached hereto as Exhibit "A."

23.   Equable received Plaintiff's notice of representation letter on January 10, 2012 at 9:08 A.M. *See* USPS Delivery Confirmation, attached hereto Exhibit "B."

24.   Thereafter, prior to June 1, 2012, Encore purchased Account 6978 from Equable, and transferred title of Account 6978 to Midland Funding, who placed Account 6978 with MCM for the purpose of engaging in collection activity directed toward Plaintiff.

25.   Upon information and good-faith belief, at the time it placed Account 6978 with MCM, and not later than June 1, 2012, Encore or Midland Funding informed MCM, its agent-in-fact, that Plaintiff was represented by counsel.

26.   Despite its knowledge that Plaintiff was represented by counsel, MCM, itself and on behalf of Midland Funding and Encore, sent written communication dated June 1, 2012, regarding Account 6978, directly to Plaintiff that included the alleged balance owed and demanded payment. *See* June 1, 2012 correspondence, attached hereto as Exhibit "C."

27.   Further, despite its knowledge that Plaintiff was represented by counsel, MCM, itself and on behalf of Midland Funding and Encore, sent written communication dated July 3, 2012, regarding Account 6978, directly to Plaintiff that included the alleged balance owed and demanded payment. *See* July 3, 2012 correspondence, attached hereto as Exhibit "D."

28.   In the alternative, upon information and good-faith belief, upon placement of Account 6978 with MCM, Encore and Midland Funding intentionally failed to notify MCM, its agent-in-fact, that Plaintiff was represented by counsel.

29.   Prior to January 2012, in connection with the collection of an alleged debt in

COMPLAINT - 4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

default, Enhanced Recovery Company, LLC ("ERC"), agent-in-fact of Equable Ascent Financial, LLC ("Equable"), began trying to collect account ending in 9588 ("Account 9588") from Plaintiff.

30. Plaintiff, via her counsel, sent written correspondence dated January 4, 2012 to ERC, regarding Account 9588, and in such correspondence, stated in relevant part:

> Please be advised that this office represents the above-named individual regarding the aforementioned account.
>
> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them.

(See January 4, 2012 correspondence, attached hereto as Exhibit E).

31. ERC received Plaintiff's notice of representation letter on January 9, 2012 at 9:32 A.M. (See USPS Delivery Confirmation, attached hereto Exhibit F).

32. Upon ERC's receipt, Equable had knowledge that Plaintiff was represented by counsel.

33. Thereafter, prior to June 1, 2012, Encore purchased Account 9588 from Equable, and transferred title of Account 9588 to Midland Funding, who placed Account 9588 with MCM for the purpose of engaging in collection activity directed toward Plaintiff.

34. Upon information and good-faith belief, at the time it placed Account 9588 with MCM, and not later than June 1, 2012, Encore or Midland Funding informed MCM, its agent-in-fact, that Plaintiff was represented by counsel.

35. Despite its knowledge that Plaintiff was represented by counsel, MCM, itself and on behalf of Midland Funding and Encore, sent written communication dated June 1, 2012,

COMPLAINT - 5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

regarding Account 9588, directly to Plaintiff that included the alleged balance owed and demanded payment. (See June 1, 2012 correspondence, attached hereto as Exhibit G).

36. Further, despite its knowledge that Plaintiff was represented by counsel, MCM, itself and on behalf of Midland Funding and Encore, sent written communication dated July 3, 2012, regarding Account 9588, directly to Plaintiff that included the alleged balance owed and demanded payment. (See July 3, 2012 correspondence, attached hereto as Exhibit H).

37. In the alternative, upon information and good-faith belief, upon placement of Account 9588 with MCM, Encore and Midland Funding intentionally failed to notify MCM, its agent-in-fact, that Plaintiff was represented by counsel.

38. Upon information and good faith belief, Encore and Midland Funding intentionally failed to notify MCM that Plaintiff was represented by counsel for the express purpose of having MCM contact Plaintiff for the purpose of engaging in collections activity with regard to an alleged debt in default.

39. Plaintiff's counsel did not consent to any direct communication with Plaintiff.

40. At no time did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from MCM, Midland Funding, or Encore.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**
**MCM**

41. Plaintiff repeats and re-alleges each and every factual allegation above.

42. MCM violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel with respect to Account 6978, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to any initial attempt to communicate, and where no

COMPLAINT - 6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MCM violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)
## MIDLAND FUNDING

43. Plaintiff repeats and re-alleges each and every factual allegation above.

44. MCM violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel with respect to Account 6978, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to any initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

45. Midland Funding by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it retained to collect an alleged debt from Plaintiff on its behalf.

46. In the alternative, Midland Funding violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff through its agent, MCM, after learning that Plaintiff was

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

represented by counsel, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to any initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Midland Funding violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692c(a)(2)
### ENCORE

47. Plaintiff repeats and re-alleges each and every factual allegation above.

48. MCM violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel with respect to Account 6978, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to any initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

49. Encore by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

COMPLAINT - 8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

50.     In the alternative, Encore violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff through its agent, MCM, after learning that Plaintiff was represented by counsel, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to any initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Encore violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**
**MCM**

51.     Plaintiff repeats and re-alleges each and every factual allegation above.

52.     MCM violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel with respect to Account 9588, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to any initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

COMPLAINT - 9

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

a) Adjudging that MCM violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692c(a)(2)
### MIDLAND FUNDING

53. Plaintiff repeats and re-alleges each and every factual allegation above.

54. MCM violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel with respect to Account 9588, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to any initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

55. Midland Funding by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it retained to collect an alleged debt from Plaintiff on its behalf.

56. In the alternative, Midland Funding violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff through its agent, MCM, after learning that Plaintiff was represented by counsel, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to any initial attempt to

COMPLAINT - 10

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

communicate, and where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Midland Funding violated 15 U.S.C. § 1692c(a)(2);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)
## ENCORE

57. Plaintiff repeats and re-alleges each and every factual allegation above.

58. MCM violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel with respect to Account 9588, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to any initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

59. Encore by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

60. In the alternative, Encore violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff through its agent, MCM, after learning that Plaintiff was represented by counsel,

COMPLAINT - 11

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to any initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Encore violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

61. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 5th day of October, 2012.

s/Jon N. Robbins
Jon N. Robbins
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

COMPLAINT - 12

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com